```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY
```

MICHAEL J. MEYHOEFER and NATURAL
PEST SOLUTIONS, INC.,                 HON. JEROME B. SIMANDLE

         Plaintiffs,                  Civil No. 04-2713 (JBS)

    v.
                                      **OPINION**
ARETT SALES CORP., et al.

         Defendants.

APPEARANCES:

Dariush Keyhani, Esq.
MEREDITH & KEYHANI, PLLC
315 Park Avenue South
19th Floor
New York, NY 10010
    Attorney for Plaintiffs

Julian W. Wells, Esq.
RIKER, DANZIG, SCHERER, HYLAND & PERRETTI, LLP
Headquarters Plaza
One Speedwell Avenue
Morristown, NJ 07962
    Attorney for Defendants Bobbex, Inc. and
    Coviello Bros., Inc.

**SIMANDLE**, District Judge:

Plaintiffs Michael J. Meyhoefer and Natural Pest Solutions, Inc. ("NPSI") produce and sell 48-ounce hand-operated insecticide repellant spray containers. (Sec. Am. Compl. at ¶¶ 15, 16, 17). Plaintiffs filed this lawsuit under the Lanham Act and New Jersey law alleging Defendants committed trade dress infringement for their manufacture, distribution and sale of "confusingly similar" containers. (Id. ¶ 18.) The matter is presently before the

Court on the motion for summary judgment by Defendants Bobbex, Inc. and Coviello Bros., Inc. (collectively the "Bobbex Defendants").[1] Because Plaintiffs have chosen to rest upon the mere allegations of the Complaint and have not set forth specific facts showing that there is a genuine issue for trial, summary judgment will be entered in favor of the Bobbex Defendants.

I.  **BACKGROUND**

Plaintiffs have brought claims for trade dress infringement under the Lanham Act, 15 U.S.C. § 1125, and unfair competition under New Jersey state law, alleging that they maintain trade dress protection on the "shape, color and overall appearance and trade impression" of their 48-ounce hand pump sprayers for deer and geese repellants.  (Sec. Am. Compl. ¶ 15.)  Plaintiffs allege that they applied for trade dress protection of the sprayers with the United States Patent and Trademark Office.  (Id. ¶ 17.) The following facts are not in dispute:[2]

---

[1] The motion for summary judgment was filed on behalf of Defendant Country Fare as well.  The Court dismissed Country Fare for lack of personal jurisdiction on March 18, 2005 and, thus, the present motion will be considered only as to Bobbex, Inc. and Coviello Bros., Inc.

[2] The instant motion was filed together with a statement of undisputed facts pursuant to L. Civ. R. 56.1.  Plaintiffs filed an untimely Rule 56.1 statement of their own, which the Court has considered over the objection of the Bobbex Defendants.  As indicated in the Court's March 29, 2005 letter to counsel for the Bobbex Defendants, the Court was inclined to permit the untimely submission in part due to Plaintiffs' failure to dispute any of the facts contained in the Bobbex Defendants' L. Civ. R. 56.1 Statement.

2

Delta supplied 48-ounce plastic hand-pump sprayers to Plaintiffs from April 2002 to September 2002.[3] (Bobbex Defs. L. Civ. R. 56.1 Statement ¶ 1.6.) Delta does not, nor did it ever, have any exclusivity agreements with Plaintiffs for these products. (Id.) In fact, Delta had been selling 48-ounce sprayers to other customers long before, as well as during, the time it sold that product to Plaintiffs. (Id.) Delta did not license or confer any trademark, trade dress, copyright or patent rights to Plaintiff with respect to any of the sprayers in question. (Id. ¶ 1.7.)

The bottle used by the Bobbex Defendants can be purchased out of a catalog of spray bottles sold by Delta to customers including other producers of pest repellant, manufacturers of cleaning and other solutions, as well as distributors and retailers selling the empty bottles for varied uses. These plastic spray bottles are composed of two pieces – bottles and sprayer tops – which are assembled as single units. Delta offers spray bottles in various color combinations. (Id. ¶ 1.1.)

There are a number of domestic and international suppliers of 48-ounce plastic spray bottles who offer their products in a variety of color combinations. (Id. ¶ 1.8.)

---

[3] By stipulation, Delta was terminated from this action with prejudice on February 14, 2005.

**II.   SUMMARY JUDGMENT STANDARD OF REVIEW**

Summary judgment is appropriate when the materials of record "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Brewer v. Quaker State Oil Refining Corp., 72 F.3d 326, 329-30 (3d Cir. 1995) (citation omitted).

The non-moving party "may not rest upon the mere allegations or denials of" its pleading in order to show the existence of a genuine issue. Fed. R. Civ. P. 56(e). Plaintiff must do more than rely only "upon bare assertions, conclusory allegations or suspicions." Gans v. Mundy, 762 F.2d 338, 341 (3d Cir. 1985), cert. denied, 474 U.S. 1010 (1985) (citation omitted); see Liberty Lobby, 477 U.S. at 249-50. Thus, if the plaintiff's evidence is a mere scintilla or is "not significantly probative," the court may grant summary judgment. Liberty Lobby, 477 U.S. at 249-50.

**III. DISCUSSION**

This Court has subject matter jurisdiction over the Lanham Act claim pursuant to 28 U.S.C. § 1338, and will exercise supplemental jurisdiction over Plaintiffs' related state law unfair competition claim pursuant to 28 U.S.C. § 1367(a). The Lanham Act, 15 U.S.C. § 1125(a), establishes a cause of action for trade dress infringement.[4] "Trade dress" refers the design or packaging of a product which identifies the product's source. Shire U.S., Inc. v. Barr Labs, Inc., 329 F.3d 348, 353 (3d Cir. 2003). The purpose of trade dress protection is to "secure the owner of the [trade dress] the goodwill of his business and to protect the ability of consumers to distinguish among competing producers." Id. (quoting Two Pesos, Inc. v. Taco Cabana, Inc., 505 U.S. 763, 774 (1992) (omitting cites)).

---

[4] Section 1125(a) of the Lanham Act provides in relevant part:

> Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person . . . shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

5

A plaintiff claiming trade dress infringement under that Act must demonstrate that (1) the allegedly infringing design or packaging feature of the product is non-functional, (2) the feature is inherently distinctive or has acquired secondary meaning, and (3) consumers are likely to confuse the source of the plaintiff's product with that of the defendant's product. Id. (citing Wal-Mart Stores, Inc. v. Samara Bros., Inc., 529 U.S. 205, 210-11 (2000)).  Plaintiffs here offer no evidence to satisfy the elements of their Lanham Act claim.  Instead, while conceding all material facts contained in Bobbex Defendants' L. Civ. R. 56.1 Statement, Plaintiffs maintain that they "will" produce adequate evidence at some future date.

First, Plaintiffs maintain that they "will produce expert testimony" to demonstrate the non-functionality of the packaging. (Pls. L. Civ. R. 56.1 Statement.)  Second, Plaintiffs allege that they "will introduce consumer market surveys, and testimony of sale representatives and consumers in the dear [sic] repellant market" as well as "depositional testimony of the Bobbex Defendants' own customers and sale representatives to prove the existence of secondary meaning."  (Id.)  And, finally, Plaintiffs state that they "will introduce consumer surveys and depositional testimony of the Bobbex Defendants' own customer and sales representative[s] to prove consumer confusion."  (Id.)  To date, Plaintiffs have failed to follow through on even one of those assurances.

6

It is well-settled that a plaintiff opposing a motion for summary judgment must do more than simply reassert factually unsupported allegations contained in its pleadings.  Plaintiffs' failure to do so here is fatal to both of their trade dress claims.  To be sure, Plaintiffs maintain that discovery had not been completed at the time the motion was filed.  (Pls. Br. at 2.)  Moreover, the Court is not unaware that in certain circumstances the incomplete state of discovery by itself warrants preclusion of summary judgment on the merits.  Miller v. Beneficial Mgmt. Corp., 977 F.2d 834, 846 (3d Cir. 1992) (citing Sames v. Gable, 732 F.2d 49, 51 (3d Cir. 1984)).  However, "ordinarily a party urging a court to postpone ruling on a summary judgment motion pending completion of essential discovery should file an affidavit under Fed. R. Civ. P. 56(f)."  Miller, 977 F.2d  at 846.  The Rule 56(f) affidavit should specify "what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained."  Pastore v. Nat'l Sec. Sys. Corp., 24 f.3d 508, 511 (3d Cir. 1994) (quoting Dowling v. City of Philadelphia, 855 F.2d 136, 140 (3d Cir. 1988)).  Here, though, Plaintiffs have not attempted to meet the requirements of Rule 56(f).

Finally, just as Plaintiffs have to failed to come forward with any evidence supporting their Lanham Act claim, Plaintiffs have offered no evidence to support their claim for unfair competition under New Jersey law.  As discussed above, where, as

7

here, the motion is properly made and supported, an adverse party – here, Plaintiffs – "may not rest upon the mere allegations . . . of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial," as required by Rule 56(e), <u>supra</u>.  When, as in the present case, "the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party."  <u>Id.</u>  Because Defendants have appropriately briefed and supported this defense, and Plaintiffs have failed to support their opposition, summary judgment on the state law claim will also be entered for Defendants.

**IV. CONCLUSION**

For the reasons expressed above, the motion for summary judgment will be granted and Plaintiffs' claims against the Bobbex Defendants will be dismissed.  An accompanying order will be entered.

**September 22, 2005**          s/ Jerome B. Simandle
Date                            JEROME B. SIMANDLE
                                U.S. District Judge